# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gadelle Dante Ferguson,                    Civil No. 08-2667 (ADM/JJG)

      Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

State of Minnesota,

      Respondent.

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Petitioner Gadelle Dante Ferguson's petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Ferguson's sole ground for habeas relief is that his conviction for unlawfully possessing a firearm was based on insufficient evidence. The Court recommends that the petition be denied.

## I.  PROCEDURAL HISTORY

Gadelle Dante Ferguson is presently serving a sixty-month term of imprisonment at the Prairie Correctional Facility in Appleton, Minnesota. On November 2, 2005, he was convicted by the Honorable Warren Sagstuen, Hennepin County District Court, of unlawful possession of a firearm, in violation of Minn. Stat. § 624.713, subd. 1(b). Ferguson appealed to the Minnesota Court of Appeals, which affirmed his conviction and sentence, and then to the Minnesota Supreme Court, which denied his petition for review.

Ferguson filed his initial habeas petition in federal court on June 20, 2008. (Doc. No. 1.) He filed a second petition on July 11, 2008. (Doc. No. 11.) The State filed its response to the second petition and an accompanying memorandum on August 20, 2008. (Doc. Nos. 14, 15.)

The Court considers the second petition to be the operative petition in this case.

## II.  FACTUAL BACKGROUND

The following facts are taken primarily from Petitioner's brief and pro se supplemental brief to the Minnesota Court of Appeals (Resp't's App. at 1-7, 34-36; Doc. No. 17).

At approximately 3:00 a.m. on May 13, 2005, police officers Shannon Johnson and Danielle Evans were dispatched to a location on Dupont Avenue in Minneapolis, Minnesota, after someone in the area reported hearing gunshots. When the officers arrived at the scene, they also heard gunshots and headed west toward the sound. The officers saw a gray Neon speeding away from the vicinity of the gunshots, and they followed the car. The Neon failed to stop at a stop sign, and the officers initiated a traffic stop.

Ferguson was the driver of the Neon. He pulled over and put his hands in the air. The officers asked him to exist the car, and he did. Ferguson initially identified himself as Michael Grove but later gave his true name. When the officers ran a name check on their squad computer, they learned that his driver's license had been revoked and that the car belonged to someone else. Ferguson told the officers he had been visiting his girlfriend in the area.

The officers called for a tow truck, and Officer Johnson searched the car before it was towed. She found a black cap between the driver's seat and the center console. Inside the cap was a .32 caliber handgun. Officer Johnson smelled the scent of gunpowder as she removed the gun from the hat, and she believed the gun had recently been fired.

The officers arrested Ferguson,[1] and the gun was sent for testing at the police laboratory.

---

[1]  In 2000, Ferguson had been adjudicated delinquent as a juvenile for a felony drug offense. Based on that adjudication and the officers' suspicion that the gun belonged to him, he was charged with unlawful possession of a firearm. He was also charged with providing false information to the police.

Another officer went to the scene of the gunshots and recovered several shell casings, which were also sent for testing. Upon testing, however, a fingerprint examiner found no prints on the gun, magazine, or casings, and a firearms inspector could not conclude that the casings had been discharged from the gun seized from Ferguson's car.

## III. ANALYSIS

A federal court's review of the state court decisions underlying a state prisoner's petition for writ of habeas corpus is "limited and deferential." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (citation omitted). There are three circumstances where it is appropriate for a federal court to grant a state prisoner's habeas petition: (1) the state court adjudication was contrary to clearly established federal law; (2) the state court adjudication involved an unreasonable application of clearly established federal law; and (3) the state court adjudication was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

Under the first circumstance, a state court decision is contrary to clearly established federal law if it contains a legal conclusion opposite to that reached by the United States Supreme Court or if it construes facts "materially indistinguishable" from those found in Supreme Court precedent to arrive at an opposite result from that precedent. *Davis v. Norris*, 423 F.3d 868, 874 (8th Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The second circumstance is triggered when the state court correctly identifies the governing Supreme Court precedent, but unreasonably applies it. *Id.* To warrant habeas relief, the state court's misapplication of the federal law must have been "objectively unreasonable." *Collier*, 485 F.3d at 421 (citations omitted). The final circumstance is controlled by § 2254's mandate that, "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1).

The third circumstance is applicable to a challenge to the sufficiency of evidence. *See Cooley v. Burger*, 170 F. App'x 997, 998 (8th Cir. 2006) (citations omitted) (stating that a habeas petitioner is entitled to relief based on a claim of insufficient evidence if he shows by clear and convincing evidence that the state court's presumably correct factual findings are not supported by the record). The scope of review for such a challenge is very limited. *See Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original), *quoted in Miller*, 34 F.3d at 585. Only in rare cases will a habeas court disagree with a state trial court on the sufficiency of evidence at trial. *Cassell v. Lockhart*, 886 F.2d 178, 179 (8th Cir. 1989) (quoting *Moeller v. Attorney Gen.*, 838 F.2d 309, 310 (8th Cir. 1988)).

Here, the Court easily concludes that the trial court's factual findings were supported by the record. The trial court determined that Petitioner had constructive possession of the handgun primarily because it was found in the vehicle he was driving, in a space adjacent to the driver's seat. Additional considerations were that the police officers heard gunshots in the area from which Petitioner was driving; Petitioner was driving away quickly and sped through a stop sign; Petitioner immediately raised his hands when stopped; Petitioner initially gave a false name to the police; and Officer Johnson smelled gunpowder on the weapon, leading her to believe it had recently been fired.

Petitioner has offered no clear and convincing evidence to rebut the trial court's finding that he constructively possessed the gun. He seems to challenge the finding of constructive

possession because it was based on circumstantial evidence, but such evidence is not inherently insufficient. *See Sera v. Norris*, 400 F.3d 538, 547 (8th Cir. 2005). Even when evidence at trial would have supported an alternate result, a habeas court must defer to the trial court's resolution of the conflicting evidence. *See id.* at 547-48 (citing multiple cases in which convictions based solely on circumstantial evidence were affirmed, even though the evidence would have also supported other outcomes). Thus, even though evidence introduced at Petitioner's trial could have supported a finding that he did not know the gun was in the car or that the gun belonged to someone else, the finding that Petitioner possessed the gun is also supported by the record, and the Court must defer to that determination.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Gadelle Dante Ferguson's petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. No. 11) be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**.


Dated this 12th day of March, 2009.          s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 26, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of any hearing unless the parties stipulate that the district judge is not required to review a transcript or if the district judge directs otherwise.